UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NESTOR VILLARDEFRANCOS, JR.,

    Plaintiff,

v.                                      Case No. 1:22cv93-AW-HTC

OFFICER WILLIAM POWELL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Motion to Voluntary Dismiss," which asks the Court to dismiss this case without prejudice. Doc. 56. Defendant did not file a response in opposition. After reviewing the motion, the relevant law, and Plaintiff's litigation history, the undersigned concludes Plaintiff's motion should be granted and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(a)(2).

Fed. R. Civ. P. 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (Rule 41(a)(1)(A)(i) "grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. … The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of

dismissal' is without consequence.") (citations omitted).  Although Defendant has filed a motion to dismiss arguing Plaintiff has failed to state a claim, Doc. 54, Defendant has not filed an answer or motion for summary judgment.

Nevertheless, Fed. R. Civ. P. 41(a)(1)(B) states that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  The Court takes judicial notice that Plaintiff voluntarily dismissed N.D. Fla. Case No. 1:22cv262-AW-ZCB on July 20, 2023, and, at the time of dismissal, the operative complaint named Powell as a defendant and raised the same Fourteenth Amendment claim raised in this case—that Powell exhibited deliberate indifference by placing a COVID-positive inmate in a cell with Plaintiff.  Plaintiff's prior voluntary dismissal of an action including the same claim raised here, arguably, prohibits him from voluntarily dismissing this case without prejudice under Fed. R. Civ. P. 41(a)(1)(A).[1]

Because Plaintiff's "Motion to Voluntary Dismiss" seeks a dismissal without prejudice, the undersigned construes it as being brought pursuant to Fed. R. Civ. P. 41(a)(2),[2] which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  *See Cunningham v.*

---

[1] Plaintiff should not have pursued the same claim against Powell simultaneously in two separate cases.  And Case No. 1:22cv262-AW-ZCB should have been consolidated with this case as the first filed case since the claims against Powell were the same.  Had that been done, this would not be a second dismissal of the same claim.

[2] Plaintiff's motion does not specify which provision of Rule 41 it was filed under.

Case No. 1:22cv93-AW-HTC

*Whitener*, 182 F. App'x 966, 969 (11th Cir. 2006) (noting Rule 41(a)(2) "does not contain the same mandatory 'two-dismissal' rule requiring that a second dismissal by order of the court operate as an adjudication on the merits and be treated as dismissed with prejudice."). "A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citation omitted). Considering Defendant's lack of opposition to Plaintiff's motion, and Plaintiff's representation that he is having trouble prosecuting this case while detained at the Alachua County Jail, the undersigned finds Plaintiff's "Motion to Voluntary Dismiss" should be granted and this case should be dismissed without prejudice. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) ("[I]n most cases a dismissal [under Rule 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result.") (citations and emphasis omitted).

Accordingly, it is RECOMMENDED:

1. That Defendant Powell's motion to dismiss, Doc. 54, be DENIED AS MOOT.

2. That Plaintiff's "Motion to Voluntary Dismiss" be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(2).

At Pensacola, Florida, this 28th day of November, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:22cv93-AW-HTC